

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2999 | **DATE** | 5-24-12 |
| **CASE TITLE** | Walter Powell (B-51121) v. Judge Portman | | |

**DOCKET ENTRY TEXT:**

Plaintiff's complaint and amended complaint are dismissed. *See* 28 U.S.C. § 1915A. His motion to proceed *in forma pauperis* [3] and his motion for the appointment of counsel [9], as well as any other pending motion, are denied. The dismissal of this case shall not count as a strike under 28 U.S.C. § 1915(g). This case is closed.

■ [For further details see text below.]       /s/ Charles Norgle       Docketing to mail notices.

## STATEMENT

Plaintiff Walter Powell, incarcerated at Stateville Correctional Center, has filed this 42 U.S.C. § 1983 complaint against Cook County Circuit Court Judge Portman for placing a condition on Plaintiff's bond prohibiting him from using public transportation. Plaintiff further contends that Judge Portman impermissibly sentenced him to six months confinement when he "had words with her in the court." (Doc. #5, Amended Compl. at 4.) Plaintiff seeks $500,000 compensation from Judge Portman.

Under 28 U.S.C. § 1915A, this court must conduct an initial review of a complaint filed by an inmate and dismiss the complaint if it states claims that are frivolous or malicious, if it fails to state a claim upon which this Court can grant relief, or if it seeks monetary relief from parties who are immune from such damages. Judges have absolute immunity from civil suits for actions taken in their role as judges. *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006), citing *John v. Barron*, 897 F.2d 1387, 1391-92 (7th Cir. 1990), citing *Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978). Plaintiff's claims against Judge Portman involve judicial decisions in Plaintiff's criminal case. Even if those decisions were improper, as Plaintiff claims, Judge Portman is entitled to absolute immunity from civil suit. Plaintiff cannot pursue his civil suit for money damages or other relief against Judge Portman.

Additionally, given that Plaintiff's criminal case is still pending, this court is prohibited from interfering with those proceedings. *See Younger v. Harris*, 401 U.S. 37, 53 (1971) (federal courts generally may not interfere with pending state criminal proceedings). Plaintiff's instant case seeks to challenge the decisions of a state court judge in this court through a § 1983 suit. This court, however, is not a super state court that can consider such challenges. *See Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) ("a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"); *see also Carter v. Carter*, __ F. Supp. 2d __, No. 11-cv-4433, 2012 WL 1574302 at *2 (C.D. Ill. May 7, 2012) (Mills, J.). Plaintiff may be able to raise his claims in a state appellate court; however, he cannot raise them here at this time. To the extent Plaintiff seeks to contend that he is in custody pursuant to an unconstitutional state court ruling, he may be able to raise such a claim in a federal petition for habeas corpus relief, but only after he has exhausted state court remedies. *See* 28 U.S.C. § 2254. This court, however, cannot grant relief in a § 1983 civil rights case that would in affect the validity of his confinement. *Heck v. Humphrey*, 512 U.S. 477, 484, 487 (1994). Nor may this court convert Plaintiff's § 1983 action to a petition for habeas relief. *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996). Accordingly, the complaint is dismissed. Because it appears that Plaintiff simply filed his claims in the wrong court, the dismissal shall not count as a strike under 28 U.S.C. § 1915(g).
(CONTINUED)

isk

| STATEMENT (continued) |
|---|

Plaintiff's *in forma pauperis* ("IFP") application is incomplete as it does not contain a copy of his prison trust fund account statement in accordance with 28 U.S.C. § 1915(a)(2) (inmates and detainees seeking to file a suit IFP, must submit an application and include "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint"). Although this court usually allows a plaintiff to cure defects in his IFP application, in this case, where it is clear that Plaintiff's claims cannot proceed in this court and that he apparently has filed his claims in the wrong court, allowing him to submit a completed application would prolong this case and run counter to one of the purposes of the Prison Litigation Reform Act, which seeks to reduce frivolous and meritless prisoner litigation. *Woodford v. Ngo*, 548 U.S. 81, 93–94 (2006) ("The PLRA's purpose is to reduce the quantity and improve the quality of prison suits"); *see also Phipps v. Sheriff of Cook County*, 681 F. Supp. 2d 899, 906 (N.D. Ill. 2009) ("Congress passed the PLRA as part of an 'effort to address the large number of prisoner complaints filed in federal court' . . .The purpose behind the legislation was to reduce the number of suits brought by prisoners by separating meritorious claims from frivolous ones."), citing *Jones v. Bock*, 549 U.S. 199, 202 & 204 (2007).

Accordingly, for the reasons stated above, the complaint and amended complaint are dismissed, the IFP application is denied, and this case is dismissed. All other pending motions are denied. This case is closed.

FILED
2012 MAY 24 PM 4: 19
U.S. DISTRICT COURT